## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANNIE ROBINSON** | * | |
| **Individually and as Personal Representative** | | |
| **of the Estate of Travis Robinson** | * | |
| 3820 Cedar Drive | | |
| Suitland, Maryland 20746 | * | **Civil Action No.** |
| | | |
| and | * | |
| | | |
| **MONICA GAREY as the next best friend of** | * | |
| Chloe L. Robinson & Mishaun R. Robinson | | |
| 8421 Greenbelt Road | * | |
| Apt T1 | | |
| Greenbelt, Maryland 20770 | * | |
| | | |
| Plaintiffs, | * | |
| | | |
| v. | * | |
| | | |
| **PRINCE GEORGE'S COUNTY, MD.** | * | |
| Serve: | | |
| Stephanie P. Anderson, Esq. | * | |
| County Attorney | | |
| Prince George's County | * | |
| 14741 Governor Oden Bowie Dr. | | |
| Upper Marlboro, Md. 20772 | * | |
| | | |
| and | * | |
| | | |
| **CORPORAL JENKINS** | * | |
| Badge No. 2244 | | |
| Prince George's County Police | * | |
| Department | | |
| in both his official and individual capacities | * | |
| | | |
| and | * | |
| | | |
| **ALEX KIM** | * | |
| **D/B/A J'S SPORTS CAFE** | | |
| 12617 Laurel Bowie Road | * | |
| Laurel, Maryland 20708 | | |
| | * | |
| and | | |

| | |
|---|---|
| **DEOK J. LEE** | * |
| **D/B/A J'S SPORTS CAFE** | |
| **12617 Laurel Bowie Road** | * |
| **Laurel, Maryland 20708** | |
| | * |
|     **Defendants.** | |
| | * |

## COMPLAINT
(Wrongful Death/Survival Act; Battery; Deprivation of Civil Rights;
Intentional Infliction of Emotional Distress; Maryland Constitution)

## INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the defendants for committing acts under color of law which deprived Travis Robinson of rights secured under the Constitutions of the United States and Maryland and laws of the State of Maryland.

2. In addition, it is a civil action seeking damages against the defendants for intentional wrongdoing and acts of negligence under common law.

## JURISDICTION

3. Jurisdiction exists in this case pursuant to the Fourth Amendment to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343.

4. Prince George's County was given notice of the claims herein by letter dated June 27, 2007.

## PARTIES

5. Plaintiff, Annie Robinson, was at all times relevant herein, a resident of the State of Maryland. This Plaintiff is the mother and the personal representative of the estate of her deceased son, Travis Robinson.

6. Plaintiff, Monica Garey, was at all times relevant herein, a resident of the State of Maryland. This Plaintiff is the mother of the two minor children of the decedent, Chloe L. Robinson and Mishaun R. Robinson.

7. Cpl. Jenkins, was at all times relevant to this proceeding a Prince George's County Police Officer acting within the course and scope of his employment with defendant Prince George's County, and as an agent for defendants Kim and Lee. This defendant is being sued in his individual and official capacities.

8. Defendants Kim and Lee at all times relevant herein were co-owners of J' Sports Café which was operated in Prince George's County, Maryland. At all times relevant herein, these defendants utilized the services of defendant Jenkins tp provide security at is Laurel location.

**STATEMENT OF RELEVANT FACTS**

9. At approximately 3:00 a.m. on January 28, 2007, the decedent, Travis Robinson, was in the parking lot of the Crystal Plaza Shopping Plaza on Route 197 in Laurel, Md., just having left J'S Sports Café. While in the parking lot, a fight broke out with numerous people involved.

10. Shortly thereafter, defendant Jenkins approached the decedent and several other individuals and ordered everyone to clear the parking lot. As a result of this intervention, the crowd began to disperse.

11. It was at this point that the decedent began to run towards his vehicle which was parked some distance away in the parking lot. As the decedent began to run towards his vehicle, defendant Jenkins fired one time from his service weapon striking the decedent in the lower abdomen thereby causing his death.

12. After the shot was fired, one of the people in the parking lot who had been with the

decedent approached defendant Jenkins and asked why he had shot the decedent inasmuch as the decedent had done nothing to warrant the use of deadly force.

13. At the time defendant Jenkins fired his weapon at the decedent, there was no threat of death or serious bodily harm which he legitimately faced nor was there any such threat to any third party of which he was aware.

14. Even though defendant Jenkins knew that he was responsible for the shooting death of Travis Robinson, he nonetheless falsified police reports and blamed the shooting on some unidentified assailant.

15. At all times relevant to this action, defendant Jenkins was acting under color of law and within the scope of his employment as a duly appointed police officer of Prince George's County, Maryland and as an agent of defendants Kim and Lee.

16. At all times relevant to this action Prince George's County had in effect and was responsible for the policies and procedures followed by the defendant police officer in the actions taken relating to the decedent, and was further responsible for the hiring, training, supervision, monitoring and disciplining of the officer involved.

## COUNT I
### (Survival Act)

17. Plaintiff incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. Pursuant to the Annotated Code of Maryland, Estates and Trusts § 7-401(y) the decedent's right of action for wrongful and negligent conduct against defendants survives in favor of Annie Robinson, the legal representative of the deceased. Plaintiff, Annie Robinson, demands all damages recoverable under the Act including substantial damages for funeral and medical

expenses and conscious pain and suffering, as well as any other damages recoverable under the Act.

Wherefore, plaintiff demands judgment against defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT II
### (Wrongful Death)

19.  Plaintiffs incorporate by reference paragraphs 1 through 16 as if fully set forth herein.

20.  Plaintiffs' claims are also actionable under Maryland's Wrongful Death Act.

21.  As a direct result of the negligence or wrongful acts of the defendants, plaintiffs and the next of kin of the decedent, incurred burial expenses, loss of the pecuniary value of services expected to be performed by the decedent and other damages recoverable under the Act.

Wherefore, plaintiffs demand judgment against defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT III
### (Battery)

22.  Plaintiffs incorporate, by reference, paragraphs 1 through 16, as if fully set forth herein.

23.  The defendant officer without proper grounds, willfully and maliciously caused the shooting of Travis Robinson and further caused the decedent to fear suffer great emotional distress at a time when he did not present an immediate threat to anyone.

24.  As a direct and proximate result of defendants' willful, malicious and intentional

actions, Travis Robinson was murdered while unarmed.

Wherefore, plaintiffs demand judgment against the defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT IV
### (Deprivation of Civil Rights, 42 U.S.C. §1983)

25. Plaintiffs hereby incorporates, by reference, paragraphs 1 through 16 as if fully set forth herein.

26. Plaintiffs further allege that the defendant officer, with deliberate indifference to and reckless disregard for the safety and well-being of Travis Robinson and in violation of the 4th Amendment to the Constitution, did on January 28, 2007, commit or allow to be committed, acts which deprived Travis Robinson of his Constitutional right to be free from an unreasonable seizure.

27. As a direct and proximate result of the actions of the defendant officer, Travis Robinson suffered the ultimate seizure in that he was murdered by a police officer, acting within the scope of his employment.

Wherefore, plaintiffs demand judgment against defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V
### (Intentional Infliction of Emotional Distress)

28. Plaintiffs incorporate, by reference, paragraphs 1 through 16 as if fully set forth herein.

29. The defendant officer intentionally caused severe emotional distress to Travis Robinson by his extremely negligent, reckless, malicious and indifferent conduct, including but not limited to shooting, and killing an unarmed man and by shooting and injuring an unarmed man.

30. As a direct and proximate result of defendant Jenkins' extremely negligent, reckless, malicious and indifferent conduct, Travis Robinson suffered severe pain, emotional distress, and mental anguish as a result of being shot by the defendant officer.

Wherefore, plaintiffs demand judgment against defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT VI
### (Maryland Constitution)

31. Plaintiffs incorporate by reference, paragraphs 1 through 16 as is fully set forth herein.

32. The acts of the defendant officer in shooting and killing Travis Robinson violated Articles 24 and 26 of the Maryland Declaration of Rights which gave Travis Robinson a right to due process of law before being deprived of life or liberty and a right not to be subjected to an unreasonable seizure.

33. Prince George's County is liable on the basis of respondeat superior for any violations of the Maryland Constitution by the defendant officer that deprived Travis Robinson of his rights under Articles 24 and 26.

Wherefore, plaintiffs demand judgment against the defendants Jenkins and Prince George's County, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V
### (Negligent Hiring, Training & Supervision Defendants Kim & Lee)

34. Plaintiff adopts and incorporates the allegations of complaint paragraphs 1 through 16 as if fully set forth herein.

35. At all times relevant herein, defendant Jenkins was acting under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by Defendants Kim & Lee.

36. Defendants Kim & Lee acted in contravention to its duty of care to the decedent, negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor its staff and agents in their duties and responsibilities.

37. As a direct and proximate result of the acts and omissions of Defendants Kim & Lee, Travis Robinson was wrongfully and unlawfully shot and killed after leaving J'S Sports Cafe.

WHEREFORE, the plaintiff demands judgment against defendants Kim & Lee in the full and just amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus interest, and costs.

## Jury Demand

The plaintiffs demand a trial by jury on all issues so triable.

         Respectfully submitted,


       _____/s/_____
       Gregory L. Lattimer, [15462]
       1100 H Street, N.W.
       Suite 920
       Washington, D.C.  20005
       (202) 638-0095
       Counsel for the Plaintiff