IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| ANNIE ROBINSON, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No.1:09-00181 PJM |
| PRINCE GEORGE'S COUNTY, MARYLAND, *et al*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF DEFENDANTS ALEX KIM AND DEOK LEE
FOR LEAVE TO DEPOSE INCARCERATED THIRD-PARTY WITNESS
AND FOR EXTENSION OF THE DISCOVERY DEADLINE
SOLELY FOR THAT PURPOSE**

Defendants Alex Kim and Deok J. Lee ("these Defendants"), by their undersigned attorney, move, pursuant to Federal Rule 30(a)(2)(B), for leave to depose Wilbur Wright, a third-party witness identified by Plaintiffs Annie Robinson and Monica Garey, whom Plaintiffs have recently advised is incarcerated. These Defendants are also asking that the October 15, 2009, discovery deadline under this Court's Scheduling Order be extended solely for the purpose of taking that deposition. The grounds for this motion are as follows:

1. In Annie Robinson's belated August 8, 2009, answers to these Defendants' interrogatories, she identified Wilbur Wright as someone with discoverable information about the shooting of decedent Travis Robinson on January 28, 2007. Plaintiff, however, did not provide any contact information about Wilbur Wright that would have allowed these Defendants to locate him until September 29, 2009, despite that information having been

sought in the interrogatories and despite Plaintiffs' counsel having thereafter promised, on August 12, 2009, either to provide that contact information or to make Mr. Wright available for deposition.[1]

2. On September 29, 2009, Plaintiff Robinson served her belated answers to Defendant Lee's second set of interrogatories, in which she provided the names of the persons who either traveled with Travis Robinson to J's Sports Café on the date in question and/or with whom he met while there. Wilbur Wright was identified as one of those persons and, for the first time, his contact information was provided, as: "Charles County Detention Center, 107 Chesapeake Blvd., Elkton, MD 21921-6313."

3. Because Plaintiffs have identified Wilbur Wright as a "person with knowledge," and because it now appears that Mr. Wright was at J's Sports Café with Travis Robinson on the night in question, these Defendants wish to depose him about the events of that night and his knowledge of Travis Robinson. Federal Rule 30(a)(2)(B), however, requires leave of court to take the deposition "if the deponent is confined in prison." In accordance with Rule 26(b)(2)(C), however, the court is generally to limit such a deposition only if: (1) the discovery sought is cumulative, duplicative or obtainable from some other more convenient source; (2) the party seeking the discovery has had ample opportunity to obtain the information sought, or (3) the burden or expense of the deposition outweighs its likely

---

[1] The history of Plaintiff Robinson's delays and deficiencies in discovery are detailed in the motion filed by these Defendants, on October 1, 2009, to compel Plaintiff Robinson to provide supplemental discovery she agreed to provide but failed to provide [Paper No. 28].

benefit. *Williams v. Greenlee*, 210 F.R.D. 577, 578-79 (N.D. Tex. 2002) (court should grant leave to depose an incarcerated witness unless objecting party shows grounds for precluding it under Rule 26(b)(2)(C)); *Houghtaling v. Tirado-Montes*, 2008 WL 2385511 *1 (M.D. Fla. 2008) (allowing deposition of incarcerated plaintiff under same standard).

4. In the instant case, these Defendants did not know, and had no way to known, that Wilbur Wright was incarcerated, until September 29, 2009, despite having served written discovery on June 15, 2009, that, had it been properly answered by Plaintiff Robinson, would have revealed Mr. Wright's contact information. There is no other way for these Defendants to discover what, if anything, Mr. Wright knows about the events at issue in this case other than to depose him, the evidence is not cumulative, and the benefits of the deposition outweigh any burden or expense.

5. Because Plaintiff Robinson did not provide the contact information for Wilbur Wright until September 29, 2009, despite such information being sought in discovery served on June 15, 2009, and promised again on August 12, 2009, it was not possible for these Defendants to file a motion for leave to depose Mr. Wright sufficiently before the October 15, 2009, discovery deadline to allow his deposition to be taken prior to that deadline. Accordingly, these Defendants ask this Court to allow Wilbur Wright's deposition to be taken after October 15, 2009, without any extension of the discovery deadline generally.

**WHEREFORE**, Defendants Alex Kim and Deok Lee move for leave to take the deposition of Wilbur Wright. They move, as well, that they be permitted to take that

deposition after the October 15, 2009, discovery deadline, but that discovery not be generally extended.

        /s/ Kathleen M. McDonald
Kathleen M. McDonald [Fed. Bar No. 00764]
Kerr McDonald, LLP
31 Light Street, Suite 400
Baltimore, Maryland 21202
(410) 539-2900
(410) 539-2956 (FAX)
kmcdonald@kerrmcdonald.com

*Attorney for Defendants Alex Kim and Deok J. Lee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2009, a copy of the Motion of Defendants Lee and Kim to Take Deposition of Incarcerated Third-Party Witness and For Extension of Discovery Deadline for That Purpose was served, electronically and by first-class mail, postage prepaid, on the following:

Gregory H. Lattimer, Esquire
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
*Counsel for Plaintiffs*

Simon Osnos, Esquire
Osnos & Associates, LLC
7700 Leesburg Pike, #434
Falls Church, VA 22043

*Co-Counsel for Defendants
Alex Kim and Deok J. Lee*

Shelly L. Johnson, Esquire
Associate County Attorney
Office of Law, Room 5121
County Administration Building
Upper Marlboro, MD 20772
*Counsel for Defendants Prince
George's County and Cpl Jenkins*

/s/ Kathleen M. McDonald
Kathleen M. McDonald

M9813